**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOHN DOE, individually and on behalf of all others similarly situated,** | ) | |
| | ) | **Case No. 3:20-cv-00356** |
| **Plaintiff,** | ) | |
| | ) | **Judge Campbell** |
| **v.** | ) | **Magistrate Judge Frensley** |
| | ) | |
| **VANDERBILT UNIVERSITY,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Vanderbilt University provides this submission to notify the Court of decisions in *Gociman v. Loyola University of Chicago*, No. 1:20-cv-03116, Dkt. 37 (N.D. Ill. Jan. 25, 2021) (attached as Exhibit A) and *Hassan v. Fordham University*, No. 1:20-cv-03265, Dkt. 34 (S.D.N.Y. Jan. 28, 2021) (attached as Exhibit B) that bear on the issues in Vanderbilt's pending motion to dismiss.

Like the court in *Lindner v. Occidental College*, 2020 WL 7350212 (C.D. Cal. Dec. 11, 2020), the case cited in Vanderbilt's previous notice of supplemental authority, the court in *Gociman* dismissed with prejudice contract claims seeking tuition refunds as a result of the COVID-19 pandemic and the resulting shift to remote instruction based on the educational malpractice doctrine, Ex. A at 5-6, which Vanderbilt has argued also bars Plaintiff's claims here, MTD 7-13; MTD Reply 1-2. The *Gociman* court rejected the plaintiffs' contention "that they are not challenging the quality of their education, but rather alleging that defendant failed to perform the educational service 'at all,'" citing allegations in the complaint that "online instruction was 'worth less' than the traditional in-person instruction," Ex. A at 6—similar to Plaintiff's

allegations here concerning Vanderbilt, *see, e.g.*, Compl. ¶ 2 ("[W]hile students enrolled and paid [Vanderbilt] for a comprehensive academic experience, [Vanderbilt] instead offers Plaintiff … something far less[.]"). The court thus held that "'resolution of [p]laintiffs' claims would require the Court to make judgments about the quality and value of the education [defendant] provided in the Spring 2020 semester.'" Ex. A at 6 (quoting *Lindner*, 2020 WL 7350212, at *7). Similarly, while the *Hassan* court did not hold that the educational malpractice doctrine barred the plaintiff's claims in their entirety at the outset of the case, it expressed "very serious concerns" about damages, holding that "[t]o the extent that adjudicating [p]laintiff's claims entails evaluation of whether a course conducted remotely was less valuable than one conducted in person—and if so, by how much—the [c]ourt should decline to 'enter the classroom and determine whether or not the judgments and conduct of professional educators were deficient.'" Ex. B at 6 (quoting *Paladino v. Adelphi Univ.*, 89 A.D.2d 85, 92 (N.Y. App. Div. 1982)).

Both courts also rejected the plaintiffs' contract claims on the merits. The *Gociman* court also held that the plaintiffs' contract claim failed because "plaintiffs have failed to allege a specific promise for in-person instruction." Ex. A at 6. Relying on Illinois law stating that a student's claim for breach of contract against a university "must be specific about the source of th[e] implied contract, the exact promises the university made to the student, and the promises the student made in return," *Gociman* rejected the plaintiffs' contention (similar to Plaintiff's contention here) that various sources—a residency requirement, course catalogs, and price differentials between standard and online-only programs—satisfied this standard. *Id.* at 7-8; *see also* MTD 14-16; MTD Reply 3. The court further found that Loyola, like Vanderbilt, had contractually retained the ability to change its offerings without notice. Ex. A at 8; MTD 19. Similarly, *Hassan* held that "Fordham's alleged statements do not rise to the level of a specific

promise to provide in-person educational services," Ex. B at 12, as there were no indications that "informational guidance" was not subject to change or that Fordham "'relinquished its authority' to alter the modality of its course instruction," *id.* at 10-11. The *Hassan* court also rejected the plaintiff's argument that an obligation to provide in-person instruction arose from Fordham's prior course of conduct. *Id.* at 12-13. As for equitable relief, the *Gociman* court dismissed claims for unjust enrichment because they were derivative of the plaintiffs' legally deficient contract claim, Ex. A at 10, while the *Hassan* court dismissed unjust enrichment claims due to the plaintiff's failure to show that Fordham acted inequitably, Ex. B at 18-20.

Dated: February 1, 2021

Respectfully submitted,

*/s/ Kevin C. Klein*______________________

Kevin C. Klein (#23301)
Ryan P. Loofbourrow (#33414)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
kevin.klein@kleinpllc.com
ryan.loofbourrow@kleinpllc.com

Bruce M. Berman (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6173
bruce.berman@wilmerhale.com

Alan E. Schoenfeld (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 937-7294
alan.schoenfeld@wilmerhale.com

*Attorneys for Defendant Vanderbilt University*

**CERTIFICATE OF SERVICE**

I certify that on the 1st day of February, 2021, a true and exact copy of this **DEFENDANT'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY** was electronically filed with the Clerk of the District Court and served by operation of the Court's electronic filing system upon the following:

Tricia Herzfeld
Anthony A. Orlandi
BRANSTETTER, STRANCH & JENNINGS, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, Tennessee 37203
(615) 254-8801
triciah@bsjfirm.com
aorlandi@bsjfirm.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
(206) 623-7292
steve@hbsslaw.com

Daniel J. Kurowski
Whitney K. Siehl
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, Illinois 60611
(708) 628-4949
dank@hbsslaw.com
whitneys@hbsslaw.com

*s/ Kevin C. Klein*
Kevin C. Klein